## A. L. ROBERTS v. STATE OF FLORIDA

29 So. (2nd) 446                          January Term, 1947
March 17, 1947                            Special Division B

*Lloyd Bass,* for appellant.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, and *Rebecca Bowles Marks,* Special Assistant Attorney General, for appellee.

BUFORD. J.:

Appellant was informed against and convicted of the crime of embezzlement as defined by Section 812.04 Fla. Statutes, 1941, (same F.S.A.). His contention here is that the conditions under which he received certain money from the owner thereof were not such as to bring him within the purview of the statute as agent of the owner.

There is ample evidence in the record from which the jury might have determined that the owenr had $500.00 or $550.00 in his shoe; that he was sick and defendant arranged to get a room for the owner at a certain hotel in Jacksonville;

that the owner was sitting in an automobile in front of the hotel while defendant arranged for the room and when defendant came back to the automobile the owner took the money out of his shoe and handed it to defendant and told him that he wanted him to keep that money for him as it was all he had and either said "I want you to take care of this for me" or "I want you to take care of me with this". Defendant took the money. Afterwards he told the owner that he, the defendant, was short in his accounts at the hotel for which he worked in the sum of $85.00 and that unless he could raise the $85.00 he was going to have to go to jail. The owner told him to take $85.00 of the money which the owner had turned over to him, pay up his shortage and get out of trouble.

A few days later when the owner was ready to leave the hotel he asked the defendant for the balace of his money and the defendant told him he had gambled it away and could not return it. Thereupon the owner caused defendant to be arrested and charged with embezzlement.

We hold that when the defendant took the money under the circumstances above outlined he assumed the position of agent for the owner of the money with the obligation to either spend it for the owner's benefit or return what he did not so spend to the owner on demand therefor. So the charge falls within the purview of section 812.04, supra.

It is further contended that the court committed reversible error by allowing a Mrs. Cox, who was manager of the hotel for which defendant worked, to testify that the defendant at the time of this occurrence was short in his cash account with the hotel. This testimony was admitted after the owner of the money had testified that the defendant had told him he was short in his account at the hotel and needed some money to pay up his shortage.

Thereupon, if the admitting of the testimony given by Mrs. Cox was error, it was harmless error.

The judgment is affirmed.

THOMAS, C.J., ADAMS, J., and SANDLER, Associate Justice, concur.